[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
To determine whether a Complaint alleging tortious interference with contract rights is legally sufficient, "In the terminology of the Restatement, the test is whether the actor's behavior is `improper'" Blake v. Levy, 191 Conn. 257,261 (1983). On Page 262 of the Blake case, supra, the Court adopted language from an Oregon case by stating that "[A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself." The plaintiff has alleged in Counts 10, 12, 14 and 16 that the Defendant, in violation of its contract with the Plaintiff, in which Defendant agreed not to hire or offer employment to any of Plaintiff's personnel for twelve months, fraudulently induced four persons (hence the four counts — 10, 12, 14 and 16) to breach their contracts with the Plaintiff by terminating their agreement with the Plaintiff and rendering services to the Defendant. The Plaintiff has alleged that those contracts provide that the four individuals could not solicit employment with customers of the Plaintiff, CT Page 4817 such as the Defendant.
Thus the Plaintiff has alleged in Counts 10, 12, 14 and 16, that the Defendant not only has interfered with the Plaintiff's contracts with its employees, but has also breached the Defendant's contract with the Plaintiff by so doing. This was not an isolated instance, but occurred four times.
The Court finds that such action is improper and makes the interference wrongful by some measure beyond the fact of the interference itself. Therefore the requirements of the Blake v. Levy test, supra, are satisfied.
The Motion To Strike Counts 10, 12, 14 and 16 is denied. The Motion to Strike Count 4 was denied from the bench on May 3, 1993.
Richard A. Walsh, J.